In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-24-00175-CV
_____

**ENRICO ROMANO AND YADIRA ORTIZ, Appellants**

**V.**

**ARROWHEAD HILL FARM, INC., DONNA WHITTLEMAN, INDIVIDUALLY, AND COURTNEY WHITTLEMAN, INDIVIDUALLY, Appellees**

On Appeal from the County Court at Law No. 6
Montgomery County, Texas
Trial Cause No. 23-01-01298

**MEMORANDUM OPINION**

Appellants, Enrico Romano and Yadira Ortiz, appeal from a no-evidence summary judgment disposing of their claims under the Texas Deceptive Trade Practices Act—Consumer Protection Act (DTPA) against Appellees, Arrowhead Hill Farm, Inc., Donna Whittleman, and Courtney Whittleman. *See* Tex. Bus. & Com. Code Ann. § 17.41-.955. Because we conclude Appellees' motion for

1

summary judgment adequately identified at least one essential element of each of Appellants' DTPA claims for which Appellants produced no evidence, we affirm the trial court's judgment.

## Background

Appellants sued Appellees on January 26, 2023, alleging anticipatory breach of contract, violations of the DTPA (including false, misleading and deceptive acts or practices, breach of express and implied warranties, and unconscionable actions or courses of action), and common-law fraud arising out of a dispute over a wedding venue reservation. *See id.* § 17.50(a)(1), (2), (3). On January 24, 2024, after the case had been pending for almost a year, Appellees filed a motion for summary judgment asserting there had been adequate time for discovery and there was no evidence of essential elements of Appellants' causes of action. The following day, Appellees filed a notice indicating the motion was set for submission on February 16, 2024. Appellants did not file a response. On February 29, 2024, the trial court signed an order granting Appellees' motion for summary judgment. On March 18, 2024, Appellees filed a combined motion asking the court to dismiss their previously filed counterclaims and enter a final judgment. The trial court signed two orders, one dismissing Appellees' counterclaims and one awarding Appellees final judgment against Appellants "in the manner set forth in the Court's *Order on Defendants' Motion for No Evidence Summary Judgment*, dated February 29, 2024." The order

concludes, "This is a final appealable order and disposes of all claims and causes of action as set forth herein."

On appeal, Appellants present one issue asserting the trial court erred in granting Appellees' motion for summary judgment because the motion failed to specify with particularity, as to each of Appellants' three distinct DTPA claims, the elements which were supposedly lacking evidentiary support.[1]

## Analysis

After there has been adequate time for discovery, a party may file a motion for summary judgment asserting there is no evidence of one or more essential elements of a claim or defense on which the other party bears the burden of proof. *See* Tex. R. Civ. P. 166a(i). "The motion must state the elements as to which there is no evidence." *Id*. If the motion is sufficiently specific, the responding party must produce summary judgment evidence sufficient to raise a fact issue with respect to each challenged element. *Id*. Otherwise, the trial court must grant the motion. *Id*.

We review grants of summary judgment de novo. *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015). When the trial court does not specify the grounds on which it granted summary judgment, we must affirm if any of the

---

[1]Appellants do not assert the trial court erred in granting Appellees' motion for summary judgment with respect to Appellants' claims for anticipatory breach of contract and common-law fraud.

3

summary judgment grounds are meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872-73 (Tex. 2000).

Because Appellants did not respond to Appellees' motion for summary judgment, the question in this case is not about the sufficiency of the evidence, but the sufficiency of the motion. *See City of Hous. v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979) (even without filing a response, a non-movant may challenge for the first time on appeal the legal sufficiency of a motion for summary judgment). According to Appellants, they brought three distinct claims under the DTPA, each claim has separate and distinct elements, and the motion for summary judgment failed to specify at least one element of each claim for which there was no evidence.

We agree with Appellants that they brought claims for three distinct violations of the DTPA. *See* Tex. Bus. & Com. Code Ann. § 17.41-.955. Appellants' petition included allegations that Appellees used false, misleading or deceptive acts or practices that are specifically enumerated in the Act and upon which Appellees relied to their detriment in violation of section 17.50(a)(1), breached express or implied warranties in violation of section 17.50(a)(2), and engaged in an unconscionable action or course of action in violation of section 17.50(a)(3). *See id*. § 17.50(a)(1), (2), (3). We also agree with Appellants that the elements of each of these claims differ. However, common to each of these claims is the essential element that the

4

alleged violation was a producing cause of damages. *See id.* § 17.50(a) ("A consumer may maintain an action where any of the following constitute a producing cause of economic damages or damages for mental anguish[.]"); *Latham v. Castillo*, 972 S.W.2d 66, 69 (Tex. 1998) (The "unconscionable action must have been the producing cause of actual damages."); *Doe v. Boys Clubs of Greater Dall., Inc.*, 907 S.W.2d 472, 478 (Tex. 1995) (Including among the elements of a deceptive-act-or-practice claim that the "acts constituted a producing cause of the consumer's damages."); *Pleasant v. Murphy Oil USA, Inc.*, No. 09-23-00295-CV, 2024 Tex. App. LEXIS 8399, at *12 (Tex. App.—Beaumont Dec. 5, 2024, no pet.) (mem. op.) ("A consumer may maintain an action for breach of an implied warranty under the DTPA, when the defendant's breach constitutes a producing cause of the plaintiff's economic damages.").

The Motion for No Evidence Summary Judgment that Appellees filed in the trial court includes a section in which Appellees generally assert there is no evidence to support Appellants' DTPA claims. Standing alone, this assertion would not be sufficiently specific to require a response. *See* Tex. R. Civ. P. 166a(i) ("The motion must state the elements as to which there is no evidence."). However, the motion goes on to assert that "there is no evidence that the [Appellees] were a producing cause of the consumer's damages." The motion is sufficiently specific because it states the element for which there is no evidence. *See id*. Because Appellants did not

respond with evidence raising a fact issue on this element of their three DTPA claims, the trial court was required to grant Appellees' motion. *See id.* ("The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact.").

Because the trial court's summary judgment may have been premised on the meritorious ground that there was no evidence that a violation of the DTPA was a producing cause of damages, the trial court did not err in granting summary judgment, and we affirm the trial court's judgment.

AFFIRMED.

KENT CHAMBERS
Justice

Submitted on September 18, 2025
Opinion Delivered March 12, 2026

Before Golemon, C.J., Johnson and Chambers, JJ.